UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL RUSZKIEWICZ,

    Plaintiff,

vs.

CIVIL ACTION NO. 07-12730
DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE DONALD A. SCHEER

PATRICIA CARUSO,
DAVID KLEINHARDT,
MIGUEL BARRIOS,
MARIANNE SAMPER and
MICHAEL COX,

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: The Complaint should be dismissed *sua sponte* for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Plaintiff must proceed by way of a writ of habeas corpus, and must first show that he has exhausted available state remedies.

                                                \*   \*   \*

Plaintiff, while a state prisoner at Camp Lehman Correctional Facility in Grayling, Michigan[1], was allowed to proceed in forma pauperis and filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on June 28, 2007, against Michigan Attorney General Mike Cox, Parole Board Members Marianne Samper and Miguel Berrios, Parole Board Legal Counsel David Kleinhardt and the Michigan Department of Corrections Director Patricia Caruso. Plaintiff is currently serving a parolable 15 to 30 year sentence after being convicted of second degree murder. In October 2006, after being interviewed by a member

---

[1] Plaintiff is still incarcerated at Camp Lehman.

of the Michigan Parole Board, Plaintiff received a letter indicating that a majority of the board had "no interest in taking action" toward his release and that he would be interviewed in the future as required by law. In the instant civil rights Complaint, Plaintiff alleges that the Parole Board had violated his constitutional rights by refusing to grant him a parole re-hearing where he could introduce evidence demonstrating his eligibility for release from prison.[2]

SUMMARY DISMISSAL

Plaintiff has been granted *in forma pauperis* status. Under the PLRA, the Court is required to sua sponte dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 19979(e); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. Denton v. Hernandez, 504 U.S. 35, 31 (1992).

I am persuaded that the instant Complaint should be dismissed because Plaintiff essentially seeks freedom from prison. A civil rights complaint, however, is an improper means for attacking the length of incarceration. In Preiser v. Rodriquez, 411 U.S. 475, 500 (1973), the Supreme Court held that when a state prisoner is challenging the fact or duration of his physical confinement, his sole remedy is a writ of habeas corpus. The

---

[2]Under Michigan law, an inmate is not "eligible" for parole merely because he was sentenced to a parolable term absent a showing that he overcame statutory obstacles which determine parole eligibility. In re Parole of Johnson, 235 Mich App 21, 25 (1999).

Preiser court stated that the writ was the "exclusive remedy" for attacking the validity of state confinement. Id. at 489.

Before a state prisoner is entitled to habeas review, however, he must exhaust his available state remedies by "fairly presenting" the substance of each federal constitutional claim[3] to the state appellate courts before raising them again in a petition for habeas corpus. Picard v. Connor, 404 U.S. 270, 277-278 (1971). A prisoner challenging a Michigan conviction is required to raise each issue in both the Michigan Court of Appeals and Supreme Court before seeking relief in federal court. Dombkowski v. Johnson, 488 F.2d 68, 70 (6th Cir. 1973); Hafley v. Sowders, 902 F.2d 480 (6th Cir. 1990).

It appears that a state court remedy is available to Plaintiff under Michigan law. Pursuant to M.C.L. § 791.234(7), Plaintiff can bring an action against the parole board for denying him parole in the circuit court by leave of the court.[4] Plaintiff has not alleged that he tried to challenge the denial of his parole in the state circuit court by filing an action there on his own behalf. If he did, the exhaustion requirement would then be satisfied after Plaintiff sought leave from any circuit court denial of relief, in both the Michigan Court of Appeals and Supreme Court. Because Plaintiff has available to him a state remedy which he has failed to exhaust, the Complaint should be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. He must proceed by way of a writ of habeas corpus and must first show that he has exhausted available state remedies.

---

[3] A writ of habeas corpus is available to a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

[4] Only the Parole Board's ultimate decision to grant or deny parole is appealable and is reviewed for abuse of discretion. In re Parole of Johnson, 235 Mich.App. at 25-26.

Given this recommendation, Plaintiff's Conflict of Interest Motion (Docket #3) should be denied as moot.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Ludington's acceptance thereof is waived.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: August 30, 2007

_____

### CERTIFICATE OF SERVICE

I hereby certify on August 30, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 30, 2007. **Michael Ruszkiewicz.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217