UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL RUSZKIEWICZ,

        Plaintiff,

v.

        Case Number 07-12730-BC
        Honorable Thomas L. Ludington

PATRICIA CARUSO, DAVID KLEINHARDT,
MIGUEL BERRIOS, MARIANNE SAMPER,
and MIKE COX,

        Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTION, SUA SPONTE DISMISSING THE COMPLAINT, AND DENYING PLAINTIFF'S MOTION OF CONFLICT OF INTEREST**

This matter is before the Court on Plaintiff Michael Ruszkiewicz's objection to the magistrate judge's report and recommendation that the Court should sua sponte dismiss Plaintiff's complaint for failure to state a claim. Plaintiff's complaint, relying on 42 U.S.C. § 1983, alleged that the state of Michigan parole board unconstitutionally denied his request for parole from incarceration.

Upon referral from this Court, Magistrate Judge Donald A. Scheer recommended dismissing the complaint sua sponte, contending Plaintiff's 42 U.S.C. § 1983 action is an improper method for attacking the length of incarceration. See *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973). Additionally, the magistrate judge concluded that Plaintiff has failed to exhaust his state remedies, assuming arguendo that Plaintiff had properly brought his action as a petition for writ of habeas corpus. See *Picard v. Connor*, 404 U.S. 270, 277-78 (1971).

Plaintiff filed an objection, though after the ten day objection period had expired. Prior to

the expiration, Plaintiff submitted a request for extension of time [Dkt. # 8] on September 10, 2007. The Court grants the request and will consider Plaintiff's late filed objection on its merits.

Though not entirely clear to the Court, Plaintiff contends that his incarceration is the result of a "set-up" by a secret service agent "bent on vengeance" against him, because Plaintiff, a "quasi-judicial official," would not provide information from a FISA authorized wire tap. Plaintiff asserts that the parole board denied him the opportunity to present these circumstances to them and has not responded within the sixty day response period.

In the objection, Plaintiff contends that his action is properly brought as a § 1983 action under *Strader v. Troy*, 571 F.2d 1263 (4th Cir. 1978). Plaintiff argues that *Strader* held "that invalid aspect of the complaint was more properly brought as a civil rights complaint as he was entitled to be resentenced or released." In *Strader*, the plaintiff sought parole from his incarceration in North Carolina. The plaintiff filed a petition for writ of habeas corpus directing the parole board from considering four allegedly invalid Virginia convictions. *Id.* at 1269. The *Strader* Court stressed that "[the plaintiff did] not assert that he [was] entitled to parole or should be released." *Id.* The *Strader* Court relied on the decision in *Preiser v. Rodriquez*, 411 U.S. 475 (1973) and determined that the plaintiff's claim regarding the Virginia convictions "must be treated as a suit under 42 U.S.C. § 1983 and not as a petition for a writ of habeas corpus." *Id.* In contrast, the *Preiser* Court explicitly held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500.

In the instant case, Plaintiff's § 1983 claim seeks release from his incarceration. The relief

that Plaintiff seeks falls within the *Preiser* Court's determination that a challenge to the "very fact or duration" of incarceration must come via a petition for writ of habeas corpus. Thus, the Court finds the *Strader* inapposite and agrees with the magistrate judge's conclusion that Plaintiff's 42 U.S.C. § 1983 claim is improper.

The Court also agrees with the magistrate judge's conclusion that Plaintiff has failed to exhaust administrative remedies, assuming that his complaint had been properly filed as a petition for writ of habeas corpus. The Court will forgo discussion, however, as Plaintiff's complaint was filed as a 42 U.S.C. § 1983 action.

Additionally, Plaintiff filed a "motion on conflict of interest of the people of Michigan employee and the people of Michigan; conflict of interest between the legal M.D.O.C. department and M.D.O.C. governor appoint position." After review, the Court is unable to ascertain the relief that Plaintiff seeks. Additionally, the Court concludes that the motion lacks any recognizable legal or factual basis for relief. Thus, the Court will deny the motion.

Accordingly, it is **ORDERED** that the report and recommendation [Dkt. # 7] is **ADOPTED** and Plaintiff's objection [Dkt. # 9] is **OVERRULED**. Plaintiff's complaint [Dkt. # 1] is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that Plaintiff's "motion on conflict of interest of the people of Michigan employee and the people of Michigan; conflict of interest between the legal M.D.O.C. department and M.D.O.C. governor appoint position" [Dkt. # 3] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 8, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 8, 2008.

        s/Tracy A. Jacobs
        TRACY A. JACOBS